

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 8 2017

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:17CR**5** |
| | § | JUDGE  RC/KNM |
| BRIAN CALHOUN STANSBURY | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 21 U.S.C. § 841(a)(1) (Possession
> with intent to distribute methamphetamine)

On or about September 27, 2016, in Rusk County, Texas, in the Eastern District of

Texas, **Brian Calhoun Stansbury**, Defendant herein, did knowingly, intentionally and

unlawfully possess with intent to distribute methamphetamine, a Schedule II controlled

substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Two

> Violation: 21 U.S.C. § 841(a)(1)(Possession
> with intent to distribute methamphetamine)

On or about October 4, 2016, in Rusk County, in the Eastern District of Texas,

**Brian Calhoun Stansbury**, Defendant herein, did knowingly, intentionally and

unlawfully possess with intent to distribute methamphetamine, a

Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Three

Violation: 21 U.S.C. § 841(a)(1) (Possession
with intent to distribute methamphetamine)

On or about October 5, 2016, in Rusk County, Texas, in the Eastern District of
Texas, **Brian Calhoun Stansbury**, Defendant herein, did knowingly, intentionally and
unlawfully possess with intent to distribute methamphetamine, a Schedule II controlled
substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Four

Violation: 18 U.S.C. § 924(c) (Use, carrying,
and possession of a firearm during and in
furtherance of a drug trafficking crime)

On or about October 5, 2016, in Rusk County, in the Eastern District of Texas,

**Brian Calhoun Stansbury**, Defendant herein, did knowingly and intentionally use, carry

and possess firearms, to wit:

(1) a Ruger, model 10/22, .22 caliber rifle, bearing serial number 255-10571;
(2) a Ruger, model LC380, .380 caliber pistol, bearing serial number 326-43281;
(3) a Taurus, model PT111 Millennium G2, 9mm pistol, bearing serial number TGT09077; and
(4) a Ruger, model M77, Mark II .243 caliber rifle, bearing serial number 786-96957,

during and in furtherance of a felony drug trafficking crime for which he may be

prosecuted in a court of the United States, that is, possession with intent to distribute

methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. §

841(a)(1), as alleged in Count 3.

In violation of 18 U.S.C. § 924(c).


## Count Five

Violation: 18 U.S.C. § 922(g)(1)
(Felon in possession of firearms and
ammunition)

On or about October 5, 2016, in Rusk County, Texas, in the Eastern District of

Texas, **Brian Calhoun Stansbury**, defendant herein, did knowingly and unlawfully

possess firearms and ammunition, specifically:

(1)   a Ruger, model M77, Mark II .243 caliber rifle, bearing serial number 786-96957;
(2)   a Ruger, model 10/22, .22 caliber rifle, bearing serial number 255-10571;
(3)   a Ruger, model LC380, .380caliber pistol, bearing serial number 326-43281;
(4)   a Taurus, model PT111 Millennium G2, 9mm pistol, bearing serial number TGT09077;
(5)   18 rounds of CCI .22 caliber ammunition;
(6)   50 rounds of CCI .22 caliber ammunition;
(7)   211 rounds of Remington .223 caliber ammunition;
(8)   1 round of LC (Lake City) .308 caliber ammunition;
(9)   2 rounds of Federal .243 caliber ammunition;
(10)  10 rounds of PPU 9mm ammunition; and
(11)  3 rounds of Remington .38 caliber ammunition,

which firearms and ammunition had been shipped in interstate commerce, and the

defendant possessed the firearms and ammunition after having been convicted of a crime

punishable by a term of imprisonment exceeding one year, that is, the felony offense of

Manufacturing/Delivery of a Controlled Substance, in case number 114-0165-07, in the

114th District Court, Smith County, Texas, on November 7, 2007.

In violation of 18 U.S.C. § 922(g)(1).


## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) & 28 U.S.C. § 2461

As the result of committing the foregoing offenses alleged in this indictment, the

defendant herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C.

§ 924(d) and 28 U.S.C. § 2461:

1.   any property constituting, or derived from, and proceeds the defendant
     obtained, directly or indirectly, as the result of such violations; and

2.   any of the defendant's property used, or intended to be used, in any manner
     or part, to commit, or to facilitate the commission of, such violations.

**Firearms:**

Any and all firearms, ammunition and accessories seized from the defendant,
including, but not limited to the following:

(1)   a Ruger, model M77, Mark II .243 caliber rifle, bearing serial number 786-
      96957;
(2)   a Ruger, model 10/22, .22 caliber rifle, bearing serial number 255-10571;
(3)   18 rounds of CCI .22 caliber ammunition;
(4)   50 rounds of CCI .22 caliber ammunition;
(5)   211 rounds of Remington .223 caliber ammunition;

(6)    1 round of LC (Lake City) .308 caliber ammunition;
(7)    2 rounds of Federal .243 caliber ammunition;
(8)    10 rounds of PPU 9mm ammunition; and
(9)    3 rounds of Remington .38 caliber ammunition.

## Cash Proceeds:

$ 5,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly as the result of the foregoing offenses alleged in this indictment.

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with a third person;
(c)    has been placed beyond the jurisdiction of the court;
(d)    has been substantially diminished in value or;
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

A TRUE BILL

GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

ALLEN HURST
Assistant United States Attorney
Texas Bar No. 10313280
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Allen.Hurst@usdoj.gov

1-18-17

Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:17CR_____ |
| | § | JUDGE _____ |
| | § | |
| BRIAN CALHOUN STANSBURY | § | |

## NOTICE OF PENALTY

### COUNTS ONE, TWO, AND THREE

Violation:     21 U.S.C. §§ 841(a)(1)

Penalty:     If more than 50 grams of methamphetamine or more than 5 grams of methamphetamine (actual), not less than 5 years or more than 40 years, a fine not to exceed $5,000,000, or both, and supervised release of at least 4 years.

         If this violation was committed after a prior conviction for a felony drug offense has become final, not less than 10 years nor more than life imprisonment, a fine of up to $10,000,000, or both – supervised release of at least 8 years.

         If less than 50 grams of methamphetamine or less than 5 grams of methamphetamine (actual), not more than 20 years' imprisonment, a fine not to exceed $1,000,000, or both, and supervised release of at least 3 years.

         If this violation was committed after a prior conviction for a felony drug offense has become final, not more than 30 years, a fine of up to $2,000,000, or both, and supervised release of at least 8 years.

Special Assessment:   $100.00

## COUNT FOUR

Violation:                        18 U.S.C. § 924(c)

Penalty:                         Imprisonment for not less than 5 years nor more than life which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, and supervised release of not more than 5 years.

If the firearm possessed is equipped with a firearm silencer, the person shall be sentenced to a term of imprisonment of not less than 30 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, and supervised release of not more than 5 years.

Special Assessment:        $100.00

## COUNT FIVE

Violation:                        18 U.S.C. § 922(g)(1)

Penalty:                         Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years.

Special Assessment:        $100.00